IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WALTER SKINNER,** **PLAINTIFF**

**V.** **NO. 4:05CV24-GHD-EMB**

**SYLVIA ROACH, JODY BRADLEY,**
**SAMANTHA PRITCHETT**
 **DEFENDANTS**

## REPORT AND RECOMMENDATION

On April 6, 2005, the *pro se* plaintiff, Walter Skinner, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Plaintiff is currently confined at Delta Correctional Facility. His Complaint alleges that immediately following a riot on September 17, 2004, Sylvia Roach sprayed him with pepper spray while he was lying face down on the gym floor where all inmates had been ordered to lie. The Complaint further alleges the incident was videotaped, and other officers witnessed it.

At the *Spears* hearing, plaintiff testified that Roach was standing over the inmates and immediately sprayed him in the face with mace when he looked up to see what was going on. He said Defendants Jody Bradley and Samantha Pritchett witnessed the incident. He conceded, however, that he does not know whether Bradley or Pritchett knew what Roach was going to do.

Based on the foregoing, plaintiff has sufficiently alleged facts to state a claim against Roach for excessive use of force in violation of the Eighth Amendment. However, plaintiff alleges no facts supporting a constitutional claim against either Bradley or Pritchett. In order to state a claim for monetary damages under § 1983, the plaintiff must allege some specific,

personal wrongdoing on the part of the individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Accordingly, it is recommended that plaintiff's claim be allowed to proceed only with respect to defendant Roach and that his claims against Bradley and Pritchett be dismissed for failure to state a claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 15th day of April, 2005.

                                         **/s/ Eugene M. Bogen**
                                         **UNITED STATES MAGISTRATE JUDGE**